## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC SHORE SURGICAL ASSOCIATES,<br><br>            Plaintiff,<br><br>v.<br><br>QUALCARE, as Administrators and AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>            Defendants. | CIVIL ACTION NO.:<br><br>**NOTICE OF REMOVAL**<br><br>**VIA CM/ECF** |

TO:   Clerk
      United States District Court
      Clarkson S. Fisher Building & U.S. Courthouse
      402 East State Street
      Trenton, NJ 08608

      Clerk
      Superior Court of New Jersey
      Special Civil Part
      Ocean County
      118 Washington Street
      Toms River, NJ 08754

      Aaron A. Mitchell, Esq.
      Cohen and Howard, LLP
      766 Shrewsbury Avenue, Suite 301
      Tinton Falls, NJ 07724
      Attorneys for Plaintiff
      Atlantic Shore Surgical Associates

      Lisa M. Fittipaldi, Esq.
      DiFrancesco, Bateman, Kunzman,
      Davis, Lehrer & Flaum, P.C.
      15 Mountain Boulevard
      Warren, NJ 07059
      Attorneys for Defendant QualCare, Inc.

**PLEASE TAKE NOTICE** that Defendant, The Affiliated Physicians and Employers Health Plan ("Defendant Plan"), by its undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. § 1331, 1441, and 1446 with the United States District Court for the District of New Jersey, and states the following in support:

1.   On or about November 7, 2017, Plaintiff, Atlantic Shore Surgical Associates ("Plaintiff), filed a Complaint with the Superior Court of New Jersey, Law Division, Special Civil Part, Ocean County, against QualCare as "administrators of the Affiliated Physicians and Employers Health Plan," and against Defendant Plan, bearing Docket Number OCN-DC-012031-17 ("State Action").

2.   On or about November 10, 2017, the Defendant Plan was served with the Complaint.

3.   As of this date, no other process or pleadings have been served upon the Defendant Plan, and on information and belief Defendant Plan and QualCare are the only defendants that have been properly joined and served.

4.   Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant Plan in the State Action are attached hereto as Exhibit A.

5.     Defendant  Plan  is  a  self-insured  employee  welfare
benefit plan governed by the Employee Retirement Income Security
Act ("ERISA"), 29 U.S.C. Section 1001 *et seq.*

6.     In Counts 1, 2, 3 and 4 of the Complaint, Plaintiff
alleges that Defendant Plan failed to pay Plaintiff the usual,
customary and reasonable amount for medical services provided by
Plaintiff to "JM," a member of Defendant Plan, which is an
ERISA-covered Plan.

7.     "JM," the patient/Plan Member executed a written
assignment of benefits to Plaintiff. The assignment is dated
February 2, 2016. The assignment document stated in part,
"ATLANTIC SHORE SURGICAL ASSOCIATES … OUT OF NETWORK DISCLOSURE
… Please be advised that we do not participate with your
insurance plan."

8.     Plaintiff's Complaint nowhere alleges a breach of a
contract independent of the Defendant Plan.

9.     Defendant Plan denies the Complaint's allegations and
further denies any liability to Plaintiff whatsoever.

10.     The above-mentioned allegations and prayer for relief
raise a federal question under ERISA, 29 U.S.C. Section 1001 *et
seq.,* as ERISA provides a cause of action for a beneficiary of
an employee benefit plan who, like Plaintiff here, asserts a
claim of right to benefits under an employee benefit plan. ERISA
Section 502(a); 29 U.S.C. Section 1132(a)(1)(B).

11. Section 502(e) of ERISA also provides in pertinent part that district courts of the United States and state courts "shall have concurrent jurisdiction of actions under paragraphs (1)(B)" of Section 502(a) of ERISA.

12. Section 514(a) of ERISA further provides in pertinent part, "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws* insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. §1144(a)(emphasis added).

13. Therefore, this Court has original jurisdiction over all four Counts of the Complaint, and the requirements necessary for this Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 are satisfied. Accordingly, this Action is removed pursuant to 28 U.S.C. §1441.

14. Co-defendant QualCare, Inc. consents to and joins in the removal of this action to the District Court. *See* Exhibit B.

15. Upon information and belief, Defendant John and Jane Does 1-10 and Defendant ABC Corporations 1-10 are fictitious defendants and, as such, are unknown parties and have not been served. Because Defendant John and Jane Does 1-10 and Defendant ABC Corporations 1-10 are unknown parties, the unanimity rule

4

may be disregarded and their consents to this removal are not required. *See Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003), *cert. denied*, 540 U.S. 877 (2003); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

16. This Notice of Removal has been filed within 30 days of Defendant Plan's acceptance of service of the Complaint in accordance with 28 U.S.C. §1446(b). Therefore, the within Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. §1446(b).

17. Venue is proper pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, as this is the federal district that embraces the Superior Court of New Jersey, Law Division, Special Civil Part, Ocean County, where this Action is pending.

18. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

19. Defendant Plan, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, is also filing a copy of this Notice of Removal with the Superior Court of New Jersey, Law Division, Special Civil Part, Ocean County, to effect removal of this action to the U.S. District Court pursuant to 28 U.S.C. §1446(d).

20. Upon filing this Notice of Removal, Defendant Plan will give written and email notice thereof to Aaron A. Mitchell,

Esq., attorney for Plaintiff, and Lisa M. Fittipaldi, Esq., attorney for Defendant QualCare, Inc.

**WHEREFORE**, Defendant Plan, through its attorneys, prays that the Complaint be removed to this Court and that this Court accept jurisdiction of the Action; and henceforth, that the Complaint be placed on the docket of this Court for further proceedings, the same as though it had originally been instituted in this Court.

<div style="margin-left: 40%;">

Respectfully submitted,

**GENOVA BURNS LLC**

PATRICK W. McGOVERN
494 Broad Street
Newark, New Jersey 07102
Tel: 973-535-7129
Attorneys for Defendant
The Affiliated Physicians and
Employers Health Plan

</div>

Dated: December 11, 2017

6

## CERTIFICATE OF SERVICE

I, Patrick W. McGovern, of full age, hereby certify that on this 11th day of December 2017, a true and correct copy of the Notice of Removal was served via UPS Overnight mail on the following:

Aaron A. Mitchell, Esq.
Cohen and Howard, LLP
766 Shrewsbury Avenue, Suite 301
Tinton Falls, NJ 07724
Attorneys for Plaintiff
Atlantic Shore Surgical Associates

Lisa M. Fittipaldi, Esq.
DiFrancesco, Bateman, Kunzman,
Davis, Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, NJ 07059
Attorneys for Defendant Qualcare

Patrick W. McGovern

14189317v1 (23198.001)

7

# EXHIBIT A



| Court's Address and Phone Number: | Superior Court of New Jersey |
|---|---|
| OCEAN Special Civil Part | Law Division, Special Civil Part |
| 118 WASHINGTON ST. | **OCEAN** County |
| TOMS RIVER, NJ 08754-0000 | Docket No: **OCN-DC-012031-17** |
| 732-929-2016 | **Civil Action** |
| | **CONTRACT DISPUTE** |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| Atlantic Shore Surgical Associates | QualCare, as Administrators and Affiliated Physicians and Employers Health Plan, John and Jane Does 1-10, ABC Corporations 1 |
| See Page 3 for Plaintiff list | See Page 3 for Defendant list |
| **Plaintiff's Attorney Information** | **The Person or Business Suing You Claims You Owe the Following:** |
| LESLIE SUE HOWARD | |
| COHEN & HOWARD, LLP | |
| 766 SHREWSBURY AVE STE 302 | |
| LITTLE SILVER, NJ 07739-0000 | |
| 732-747-5202 | |

| | |
|---|---|
| Demand Amount | $15000.00 |
| Filing Fee | $80.00 |
| Service Fee | $14.00 |
| Attorney's Fees | $5000.00 |
| **TOTAL** | **$20094.00** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs.** You have 35 days from the date of service to file your answer or a signed agreement. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 12/18/2017, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include OCN-DC-012031-17 (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **12/18/2017.**

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **12/18/2017.**

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 732-608-7794. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 732-240-3666. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith

Clerk of the Superior Court





| Dirección y teléfono del tribunal | El Tribunal Superior de Nueva Jersey |
|---|---|
| Parte Civil Especial de OCEAN | **División de Derecho, Parte Civil Especial** |
| 118 WASHINGTON ST. | Condado de **OCEAN** |
| TOMS RIVER, NJ 08754-0000 | Número del expediente **OCN-DC-012031-17** |
| 732-929-2016 | **Demanda de Acción Civil** |
| | NOTIFICACIÓN DE DEMANDA |
| | **CONTRACT DISPUTE** |

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando (_el demandante_)** | **Persona o comercial ser demandada (_el demandado_)** |
|---|---|
| Atlantic Shore Surgical Associates | QualCare,as Administrators and Affiliated Physicians and Employers' Health Plan, John and Jane Does 1-10, ABC Corporations 1 |
| See Page 3 for Plaintiff list | See Page 3 for Defendant list |
| **Información sobre el abogado del demandante** | **La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** |
| LESLIE SUE HOWARD | Cantidad a la vista $15000.00 |
| COHEN & HOWARD, LLP | Tasa judicial $80.00 |
| 766 SHREWSBURY AVE STE 302 | Cargo del emplazamiento $14.00 |
| LITTLE SILVER, NJ 07739-0000 | Honorarios del abogado $5000.00 |
| 732-747-5202 | **TOTAL** **$20094.00** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar una respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 12/18/2017 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:**

1. *Responder a la demanda.* Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   * Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "*Treasurer, State of New Jersey*" (Tesorero del Estado de Nueva Jersey). Incluya **OCN-DC-012031-17** (el número de su expediente) en el cheque.
   * Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   * Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **12/18/2017**.

2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el 12/18/2017.**

**Nota.-** Puede que usted quiera conseguir que un abogado para que lo represente. Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 732-608-7794. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 732-240-3666. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ Michelle M. Smith

Subsecretario(a) del Tribunal Superior



| Court's Address and Phone Number:<br>OCEAN Special Civil Part<br>118 WASHINGTON ST.<br>TOMS RIVER, NJ 08754-0000<br><br>732-929-2016 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>**OCEAN** County<br>Docket No: **OCN-DC-012031-17**<br>**Civil Action**<br>**SUMMONS**<br>**CONTRACT DISPUTE** |
|---|---|
| <u>**Additional Plaintiffs/demandantes adicionales**</u> | <u>**Additional Defendants/demandados adicionales**</u><br>Affiliated Physicians<br>John Does 1-10<br>ABC Corporations 1-10<br>Jane Does 1-10 |



**Cohen & Howard, LLP**
Aaron A. Mitchell, Esquire (I.D. #039782008)
766 Shrewsbury Avenue, Suite 301
Tinton Falls, New Jersey 07724
Attorneys for Plaintiff
(732)-747-5202
(732) 747-5259 (Fax)

| | |
|---|---|
| ------------------------------------------------- : <br> **ATLANTIC SHORE SURGICAL**     : <br> **ASSOCIATES,**     : <br>     : <br>        Plaintiffs     : <br>     : <br>     : <br> -VS-     : <br>     : <br> **QUALCARE, as Administrators and**     : <br> **AFFILIATED PHYSICIANS AND**     : <br> **EMPLOYERS HEALTH PLAN, JOHN**     : <br> **AND JANE DOES 1-10 and ABC**     : <br> **CORPORATIONS 1-10,**     : <br>     : <br>        Defendants,     : <br> ------------------------------------------------- : | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: SPECIAL CIVIL PART <br> OCEAN COUNTY <br><br> DOCKET NO.: <br><br><br> <u>CIVIL ACTION</u> <br><br> <u>COMPLAINT</u> |

Plaintiff, Atlantic Shore Surgical Associates, by and through its attorneys, Cohen & Howard,

LLP and as and for its Complaint against defendants, QualCare, Affiliated Physicians and

Employers Health Plan, John and Jane Does 1-10 and ABC Corporations , says:

## THE PARTIES

1. Plaintiff, Atlantic Shore Surgical Associates (hereinafter referred to as "Atlantic

Shore") with a business address of 478 Brick Boulevard in the Township of Brick, County of

Ocean, and State of New Jersey, is now and was at all times relevant to this action, a company

organized and operating under the Law of the State of New Jersey, providing healthcare services.

2. Upon information and belief, at all relevant times, defendant, QualCare was a

corporation whose headquarters are located at 30 Knightsbridge Road, Piscataway, Middlesex

County, New Jersey, which conducted and continues to conduct significant business in the State

of New Jersey.



3. Upon information and believe, at all relevant times, defendant, Affiliated Physicians and Employers Health Plan (hereinafter referred to as "Affiliated") maintains offices and conducted significant business in the State of New Jersey and selected, assigned and/or provided health insurance to the patient, "JM".

4. Defendant, Affiliated, maintains a business address of 30 Knightsbridge Road, Piscataway, Middlesex County, New Jersey.

5. Upon information and belief, at all relevant times, defendant, QualCare, acted as the plan administrator and/or claims administrator for defendant Affiliated.

6. At all times relevant, upon information and belief, fictitious defendants, John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff's office is located in Ocean County, New Jersey and all medical services which are the subject matter of this action were rendered in Ocean County, New Jersey.

8. Patient, "JM" (herein identified only by her QualCare Identification Number H3068856) at all relevant times, lived in the County of Ocean, State of New Jersey.

9. At all times relevant, upon information and belief, defendant, Affiliated selected, assigned and/or provided health insurance to the patient, "JM".

10. Plaintiff is proceeding on its own individual claims concerning medical services provided to the patient, "JM".

11. This matter is properly venued in State Court. None of plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act ("ERISA"). See, Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan,

-2-

388 F. 3d 393, 403-4 (3d Cir. 2004). (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

12.   The amount in controversy is in excess of $16,555.87.

13.   For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

### FACTUAL BACKGROUND

14.   This dispute arises out of the defendants' refusal to pay plaintiff the money to which plaintiff is entitled for providing necessary medical services to patient, "JM".

15.   At all relevant times, plaintiff was a non-participating or out-of-network provider that rendered medically necessary surgery to patient, "JM".

16.   At all times relevant, upon information and belief, defendant Affiliated, selected, assigned and/or provided health insurance to the patient, "JM", which is a self-insured plan administered by defendant QualCare, acting as authorized agent for principal defendant Affiliated.

17.   On January 18, 2016, the patient, "JM" presented to the Emergency Room at Community Medical Center with complaints of excruciating pain and vomiting.

18.   Francis Kelly, M.D. was the on-call specialist at Community Medical Center and was called to evaluate the patient, "JM".

19.   Following evaluation, Dr. Kelly diagnosed the patient, "JM" with an incarcerated ventral incisional hernia and recommended proceeding with surgery.

-3-



20. On January 8, 2016, Dr. Kelly provided **pre-authorized** emergency surgical services to the patient, "JM", namely: exploratory laparotomy, extensive lysis of adhesion over an hour with repair and reduction of incarcerated incisional ventral hernia.

21. Primary surgery on January 8, 2016 was performed by Francis Kelly, M.D., a Board Certified General Surgeon, employed and/or contracted by plaintiff.

22. FAIR Health, a universally-recognized, independent service that manages the largest database of healthcare cost analysis, which was established to bring transparency to the healthcare industry. FAIR Health assigns a value of $22,791.00 as the reasonable and customary value in the geographical area in which the services were provided.

23. Defendants paid a total of $6,235.13 for the surgery performed toward these reasonable charges, leaving $16,555.87 in unpaid services.

24. The amount paid to plaintiff by defendants represents a gross underpayment and does not comport in any way with usual, customary, or reasonable payments for the type of service rendered by a provider with the skill, experience, and training of the doctor provided by plaintiff in this geographical area.

25. While defendants were aware that plaintiff was an out-of-network provider, defendants never disclosed that payments made for the procedures would be denied in full or paid far below the usual and customary rates for these services. To the contrary, defendants induced plaintiff to provide the medical services with the explicit knowledge that defendants never intended to pay the amounts they were obligated to pay.

### FIRST COUNT
*(Quantum Meruit)*

26. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in

paragraphs "1" through "25" of this Complaint with the same force and effect as if fully set forth herein at length.

27. Plaintiff provided the medically-necessary emergency medical services, which were desperately needed for the health of the patient, "JM".

28. By authorizing the surgery, defendants agreed to pay the usual and customary rates for the medical services provided by the plaintiff and plaintiff performed said services based upon those terms.

29. As such, plaintiff is entitled to be paid the reasonable and customary value for the highly-skilled services provided by the plaintiff.

30. However, plaintiff was paid only a fraction -- $6,235.13 -- of the usual, customary and reasonable amount of $22,791.00 for the highly-skilled services provided to patient, "JM".

31. Plaintiff has suffered significant damages as a result of defendants' actions.

32. Under the theory of *quantum meruit*, plaintiff is entitled to receive the sum of not less than $15,000.00, plus interest, costs, and attorneys' fees.

<div align="center">

**SECOND COUNT**
(Promissory Estoppel)

</div>

33. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "32" of this Complaint with the same force and effect as if fully set forth herein at length.

34. By providing a pre-surgery authorization to plaintiff, defendants promised that plaintiff would be paid for its services at the usual, customary and reasonable rate.

35. Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to patient, "JM".

36. Plaintiff has suffered significant damages as a result of defendants' actions.

<div align="center">-5-</div>



37. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in an amount to be determined at trial, but not less than $15,000.00, plus interest, costs, and attorneys' fees.

### THIRD COUNT
### (Fraudulent Inducement)

38. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "37" of this Complaint with the same force and effect as if fully set forth herein at length.

39. By providing a pre-surgery authorization to plaintiff, defendants induced plaintiff to provide the medical services requested by patient, "JM".

40. Inherent in the authorization was the promise to pay plaintiff the usual, customary, reasonable, and fair value for the services provided.

41. Relying upon this promise to pay by defendants, plaintiff provided the necessary medical services requested by plaintiff, "JM".

42. Unbeknownst to plaintiff, defendant never intended to pay the plaintiff usual, customary, reasonable, and fair value for the medical services provided, instead inducing plaintiff to provide the medical services with the intent to pay plaintiff less than 28% of the usual, customary, reasonable, and fair value of the medical services provided, plaintiff would have elected not to provide the services.

43. Plaintiff has suffered significant damages as a result of defendants' actions.

44. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff

has been damaged in amount to be determined at trial, but not less than $15,000.00, plus interest, costs, and attorneys' fees.

### FOURTH COUNT
#### (Violation of New Jersey Regulations Governing Payment for Emergency Services Rendered by an Out-of-Network Provider)

45. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth herein at length.

46 . New Jersey's health insurance regulations require that, when a privately-insured patient seeks emergency services, an out-of-network provider must be paid an amount sufficient to ensure that the patient is not balance-billed for the difference between the insurer reimbursed amount and the provider's billed charges. This mandate related to emergency services applies even if it means that the insurer must pay the provider its actual billed charges, less copayments, coinsurance, and deductibles that would have applied had the patient been be treated by an in-network provider.

47. Plaintiff has a private right of action, be it express or implied, to recover its damages pursuant to the regulations.

48. Defendants are obligated to pay plaintiff the entirety of plaintiff's usual, customary, and reasonable fees, less the patient's applicable co-pay, coinsurance or deductible, pursuant to N.J.A.C. 11:22-5.8, 11:24-5.3; 11:24-5.1, and 11:24-9.1(d).

49. In direct contravention of these regulations, defendant has failed and/or refused to properly pay plaintiff pursuant to the New Jersey healthcare regulations and a significant portion of plaintiff's bills remain unpaid, though properly due and owing, for the emergency services provided.



50. As a direct result of defendants' violations of the above-referenced health insurance regulations, plaintiff has been damaged in an amount to be determined at trial, but not less than $15,000.00, plus interest, costs, and attorney's fees.

WHEREFORE, plaintiff seek damages against the defendants, QualCare, Affiliated Physicians and Employers Health Plan, John and Jane Does 1-10, and ABC Corporations 1-10 in the amount of $15,000.00, together with interest, counsel fees, costs of suit and such further relief as the Court may deem equitable and just.

COHEN AND HOWARD, LLP
Attorneys for Plaintiff

by: _____
AARON A. MITCHELL, ESQUIRE

## CERTIFICATIONS

At the time of trial, the plaintiffs will not need an interpreter or an accommodation for disability.

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action. I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

COHEN AND HOWARD, LLP
Attorneys for Plaintiffs

by: _____
AARON A. MITCHELL, ESQUIRE

Dated: October 27, 2017

-8-

**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 11/13/2017

STATE OF NEW JERSEY:

The following is the delivery information for Certified Mail™/RRE item number 9214 8969
0117 0400 0003 5473 41. Our records indicate that this item was delivered on
11/10/2017 at 11:55 a.m. in PISCATAWAY, NJ 08854. The scanned image of the
recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require
additional assistance, please contact your local post office or Postal Service
representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service. It is solely for customer use.

Customer Reference Number: OCNDC01203117

**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 11/13/2017

STATE OF NEW JERSEY:

The following is the delivery information for Certified Mail™/RRE item number 9214 8969 0117 0400 0003 5453 47. Our records indicate that this item was delivered on 11/10/2017 at 11:55 a.m. in PISCATAWAY, NJ 08854. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

30 Knightsbridge

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: OCNDC01203117

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC SHORE SURGICAL ASSOCIATES,<br><br>          Plaintiff,<br><br>v.<br><br>QUALCARE, as Administrators and AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>          Defendants. | Case No.:<br><br>**CONSENT TO NOTICE OF REMOVAL** |

QualCare, Inc., a co-defendant in this Action, joins in the Notice of Removal filed by Defendant The Affiliated Physicians and Employers Health Plan on December 11, 2017.

By: _____
Lisa M. Fittipaldi, Esq.
DiFrancesco, Bateman, Kunzman,
Davis, Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, N.J. 07059
Attorneys for Defendant
QualCare, Inc.

Dated: December 11, 2017

14189316v1 (23198.001)